UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE NEAL,

    Petitioner,

v.                                        CAUSE NO.   3:21-CR-62 DRL
                                                                             3:22-CV-715 DRL

UNITED STATES OF AMERICA,

    Respondent.

OPINION AND ORDER

Andre Neal filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He says his attorney provided ineffective assistance by not filing a motion to suppress evidence from the traffic stop leading his arrest or conducting adequate research and investigation. The court denies the petition.

BACKGROUND

On July 13, 2021, the government charged Mr. Neal with interstate travel in aid of racketeering under 18 U.S.C. § 1952(a)(3). An information and signed plea agreement were filed the same day. In the plea agreement, Mr. Neal admitted to the offense, acknowledged the statutory range of his offense, and agreed to waive his right to appeal and to contest his conviction and sentence, except on the basis of ineffective assistance of counsel. On August 10, he pleaded guilty, and the court accepted his plea. On November 19, the court sentenced him to 60 months in prison. No direct appeal followed.

STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas* relief

only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

Mr. Neal argues his trial counsel was constitutionally ineffective. The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel—including the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a petitioner must establish that (1) his counsel's performance was deficient, and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *see also Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). This same two-part test applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In the guilty plea context, a modified version of the *Strickland* standard applies. *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021). To assess counsel's effectiveness at the plea stage, the

2

performance prong remains largely unchanged: the petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). On the prejudice prong, however, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Smith*, 989 F.3d at 581; *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).

    A.    *Filing a Motion to Suppress.*

Mr. Neal contends that his counsel performed deficiently by not filing a motion to suppress evidence arising out of the traffic stop that led to his arrest. A petitioner meets his burden on the performance prong when his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Courts "presume that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

When a petitioner alleges that counsel was ineffective for failing to move to suppress evidence, the law requires him to "prove the motion was meritorious," *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (quoting *Cieslowski*, 410 F.3d at 360), else "counsel cannot have been ineffective for failing to pursue what . . . would have been a meritless suppression motion," *United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004); *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (when "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious"); *Gentry v. Sevier*, 597 F.3d 838, 851-52 (7th Cir. 2010) (same).

3

Mr. Neal offers no cogent argument why his attorney was deficient for not pursuing a motion to suppress at the time. Mr. Neal points to his co-defendant (Marilyn Garcia) who filed a successful motion to suppress evidence from the traffic stop, leading eventually to the indictment's dismissal. Ms. Garcia was driving the car while Mr. Neal was a passenger. Mr. Neal argues that because her motion to suppress was successful, so too would have been his.

The Fourth Amendment protects against the government's unreasonable intrusion into a person's house, papers, effects, or his very person. *Florida v. Jardines*, 569 U.S. 1, 5 (2013); *Katz v. United States*, 389 U.S. 347, 350-51 (1967). Unless an exception applies, warrantless searches are unreasonable under the Fourth Amendment. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). A law enforcement officer may search a vehicle without a warrant if there is probable cause, *United States v. Kizart*, 967 F.3d 693, 695 (7th Cir. 2020), which exists "if, given the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place," *Smith*, 989 F.3d at 581-82 (quoting *United States v. Eymann*, 962 F.3d 273, 286 (7th Cir. 2020).

Mr. Neal was caught in a car with more than $100,000 currency and more than one kilogram of cocaine. Sergeant Kenneth Williams, a fifteen-year interdiction veteran with the Hobart Police Department, conducted the traffic stop. His police report and subsequent investigatory reports from the traffic stop indicate that he stopped the vehicle because it was going five miles over the speed limit and had crossed the white fog line, and that he initiated a search because he smelled a faint odor of marijuana when approaching the car. "A police officer who smells marijuana coming from a car has probable cause to search that car." *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008). The search "lawfully extends to all parts of the vehicle in which contraband or evidence could be concealed, including closed compartments and trunks." *United States v. Patterson*, 65 F.3d 68, 70 (7th Cir. 1995).

Just on its face, it would not be obvious to counsel that the sergeant lacked probable cause for his search if he smelled marijuana. As it turned out in Ms. Garcia's case, the court determined that the

4

totality of the record established that law enforcement lacked probable cause to search the vehicle and measurably prolonged the traffic stop beyond its mission to issue a mere warning by conducting a canine free air sniff. Though Mr. Neal could have pursued the same Fourth Amendment argument, given he was in the same car and subject to the same search, this does not end the inquiry. A "good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Kimmelman*, 477 U.S. at 382. The court must analyze whether counsel's performance fell outside the range of professionally competent assistance "from counsel's perspective at the time of the alleged error and in light of all the circumstances" *Id.* at 381.

Ms. Garcia was indicted on the same charge as Mr. Neal on September 8, 2021. This was about one month after Mr. Neal had already pleaded guilty to an information. The court granted Ms. Garcia's motion to suppress evidence from the traffic stop on June 17, 2022—long after Mr. Neal was sentenced on November 19, 2021. Looking at the evidence available to counsel at the time, without the benefit of hindsight, Mr. Neal's Fourth Amendment argument was not so strong such that "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011). Sergeant Williams's police report served as the primary record available to Mr. Neal and his counsel. They had no access to the sergeant's later testimony in Ms. Garcia's case that revealed more details about the traffic stop, casting doubt on the objective basis for the stop.

Mr. Neal decided to plead guilty immediately. He pleaded to an information, and he filed a signed plea agreement the same day as the information. In light of all the circumstances, and the information available to counsel, counsel's advice about a motion to suppress evidence fell well within the wide range of professionally competent assistance. Defense counsel "must make careful strategic choices in balancing opportunities and risks," including pleading to a "lesser charge and obtaining a lesser sentence."

5

*Id.* at 124. Though there is no "certainty what course the case may take"—suppression, acquittal, or a guilty verdict—"each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived." *Id.* at 126. It was not beyond the constitutional competence of counsel to recommend a "quick plea bargain." *Id.* at 127.

Aside from testimony and other information that would not come to light until after Mr. Neal pleaded guilty, the decision to forego a motion to suppress was strategic and not an unintelligent approach to a smart defense. Counsel's affidavit affirms that he discussed at length with Mr. Neal a motion to quash arrest and motion to suppress evidence. Mr. Neal does not contest this. This option was not pursued under counsel's consideration that the motion "did not have strong merits," and that "more severe penalties could arise for Mr. Neal should [they] pursue that option and were unsuccessful." More severe penalties could come from a multi-count indictment (as opposed to a single-count information) with a higher statutory range. Counsel believed pursuing a motion to suppress would undermine plea negotiations, risk this multi-count indictment, and risk a sentencing reduction for acceptance.

Counsel's worries are supported by the record. The government reached out to Mr. Neal on March 5, 2021, four months before the information was filed, telling him that it was preparing a multi-count indictment, listing possible violations of the Controlled Substances Act [ECF 33-2]. Mr. Neal, given his prior federal drug trafficking convictions, would have faced a ten-year statutory *minimum* if the government charged him with possessing with the intent to distribute the over-one kilogram of cocaine found in the car. *See* 21 U.S.C. § 841 (b)(1)(A)(iii). With the benefit of plea negotiations and charging decisions, he faced instead a five-year *maximum* sentence (that capped to his benefit the recommended guideline range). *See* 18 U.S.C. § 1952(a)(3). This was a strategic decision.

Knowing the risk of multi-count indictment and the potential for a higher sentence, counsel discussed "all the pros and cons" of filing a suppression motion, and Mr. Neal agreed that he did not want to "risk" a pretrial motion [ECF 33-3 ¶¶ 12, 15]. Mr. Neal does not deny this. Though a successful

6

motion to suppress would have countered the threat of a multi-count indictment stemming from the same police encounter, this is a part of the analysis and advice that defense counsel extend to their clients within the context of assessing different strategic options. "Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo*, 562 U.S. at 124.

The risk to a full three-level reduction for accepting responsibility under the sentencing guidelines wasn't unrealistic. *See, e.g., United States v. Nichols*, 847 F.3d 851, 858-60 (7th Cir. 2017) (withholding acceptance of responsibility and imposing obstruction of justice enhancement for false testimony at suppression hearing); *United States v. Davis*, 714 F.3d 474, 475 (7th Cir. 2013) (*per curiam*) (government may withhold third level so long as not invidious or unconstitutional); *United States v. Longoria*, 958 F.3d 372, 377 (5th Cir. 2020) (government may withhold third level for litigating a motion to suppress). Indeed, Mr. Neal benefitted because he pleaded immediately to an information. Of course Mr. Neal received a reduction for clearly and timely accepting responsibility when the court calculated his guideline range at sentencing, U.S.S.G. § 3E1.1, and, beyond this, the court acknowledged under 18 U.S.C. § 3553(a) that Mr. Neal pleaded promptly to an information that mitigated his sentence by reflecting "a step in the right direction" [ECF 22 at 3]. One might be too casual to say this really didn't matter because of the statutory cap and because the starting range from the guidelines already exceeded the statutory cap, but that underscores the dynamics of plea negotiations and the wisdom of avoiding a multi-count indictment that would have made this more material.

It was not a foregone conclusion that the court would grant a motion to suppress based on what was known during the time of these plea negotiations and the information's filing. The police report provided a basis for probable cause for the search. At times the reason for a search will hinge on an officer's credibility among all the circumstances of the stop. *See Franklin*, 547 F.3d at 733; *United States v. Doxy*, 225 F. Appx. 400, 402 (7th Cir. 2007). That was the case in part here—indeed based on some

7

particular nuances of the stop and testimony at a later hearing—but Mr. Neal's counsel lacked the benefit of this information. He could not have acquired this testimony from Sergeant Williams earlier without filing a motion to suppress and pursuing an evidentiary hearing, and thereby encounter the risks that Mr. Neal agreed they should not. Beforehand, and absent any showing from Mr. Neal that information was available to draw into question probable cause—besides the sergeant's testimony or what Mr. Neal knew himself—defense counsel was "entitled to assume that [the] witness [would] testify truthfully." *United States v. Patterson,* 23 F.3d 1239, 1245 (7th Cir. 1994) (quotation omitted). This too contextualizes counsel's performance as reasonable, not deficient.

Mr. Neal points to no other information that his counsel should have obtained or failed to investigate. "When the alleged deficiency is a failure to investigate, the movant must provide 'the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'" *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (quoting *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)). And counsel's affidavit affirms that he investigated Mr. Neal's case. He requested reports and items of discovery [ECF 33-3 ¶ 6] and, after receiving them, met with Mr. Neal at least five times to review the materials and discuss his options [*id.* ¶ 8]. A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments," *Strickland*, 466 U.S. at 691, and Mr. Neal has not met his burden to show counsel's performance fell below the constitutional standard.

In addition, the court holds Mr. Neal to his admissions during his plea hearing—cloaked as they are with a strong presumption of veracity. *See United States v. Weathington*, 507 F.3d 1068, 1072 (7th Cir. 2007). Mr. Neal affirmed that he was fully satisfied with his counsel's work. He testified that his counsel had done everything that he wanted him to do and that his counsel had not ignored his wishes in any way. Mr. Neal affirmed under oath that he had discussed the subject of waiving an indictment by a grand jury with his counsel, that he understood his right, that he wanted to waive his right, and that he signed

8

a waiver. "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). As such, his vague and undeveloped assertions of error in some lack of investigation don't show ineffective assistance (much less prejudice). *See Hurlow*, 726 F.3d at 966.

It is well-settled under *Strickland* that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Mr. Neal has not met his burden to show that his counsel's conduct fell outside the bounds of permissible strategic decisionmaking, given the information that was known to both at the time, and given Mr. Neal's circumstances. *Cf. Kimmelman*, 477 U.S. at 385 ("The trial record in this case clearly reveals that [the defendant's] attorney failed to file a timely suppression motion, *not due to strategic considerations*, but because, until the first day of trial, he was unaware of the search and of the State's intention to introduce the bedsheet into evidence.") (emphasis added); *Gentry,* 597 F.3d at 852 (approving petitioner's ineffective assistance claim based on a Fourth Amendment violation, in part, because *no strategic benefit* would have been accorded to the defendant by failure to pursue a motion to suppress).

Additionally, Mr. Neal has not shown a reasonable probability that, but for counsel's advice, he would not have pleaded guilty. In conclusory fashion, he parrots in his affidavit that "there is a reasonable probability that absent my ex-lawyer's 'deficient performance,' I would not have plead guilty." Even as articulated, this doesn't say Mr. Neal would not have pleaded guilty. It merely says he may have or he may not have, but likely he would not have pleaded guilty. In addition, self-serving affidavits consisting of petitioner's own statements aren't objective evidence. *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) ("statement is self-serving and alone, insufficient to establish that, but for counsel's advice, there is a reasonable probability that he would have accepted the plea"); *see also Paters v. United States*, 159 F.3d 1043, 1047 n.5 & n.6 (7th Cir. 1998); *Van Waeyenberghe v. United States*, 2009 U.S. Dist. LEXIS 95259, 26-27 (N.D. Ind. Oct. 13, 2009) ("signed declaration or affidavit from petitioner himself is nothing but a

9

naked, self-serving assertion and doesn't in itself constitute 'objective evidence'"). Nothing objectively or corroboratively demonstrates that, faced with the pros and cons of different options to defending this case, Mr. Neal would have chosen to plead not guilty and pursued his motion to suppress in lead up to trial.

All in all, Mr. Neal feels wronged that Ms. Garcia assumed certain risks (or perhaps lacked the same risks he faced) and decided to pursue a motion to suppress evidence that turned out to be successful when he didn't. He wishes he could turn back time and elect to file a motion to suppress. But his claim of ineffective assistance cannot be evaluated through the lens of what he knows now. The record shows that defense counsel's decision to forego pursuing a motion to suppress evidence at the time was a strategic decision, reached with the information available and one that falls within the range of reasonable attorney performance. The court denies *habeas corpus* relief accordingly.

B.     *Certificate of Appealability.*

Mr. Neal fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and Mr. Neal's petition is denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Nor is there cause to appoint counsel. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the meager assertions Mr. Neal has made in this petition, in ready contrast to the record before the court, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

CONCLUSION

Accordingly, the court DENIES Mr. Neal's petition to vacate his sentence under 28 U.S.C. § 2255 [ECF 24]. This order terminates the civil case [Cause No. 3:22cv175].

SO ORDERED.

August 21, 2023                    *s/ Damon R. Leichty*
                                   Judge, United States District Court